**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4218**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LAMONT LONG, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:16-cr-00041-D-1)

Submitted: October 30, 2017              Decided: November 15, 2017

Before NIEMEYER, TRAXLER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Long, Jr., pled guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). The district court sentenced Long to 264 months' imprisonment. On appeal, Long contends that the district court erred in applying a two-level firearm enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016). We affirm.

We review the application of this Guidelines enhancement for clear error. *United States v. Manigan*, 592 F.3d 621, 630-31 (4th Cir. 2010). Under USSG § 2D1.1(b)(1), sentencing courts are to increase a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The Government bears the initial burden of proving by a preponderance of the evidence that a weapon was possessed in connection with drug activities. *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017). "Although the Government need not prove precisely concurrent drug trafficking and weapon possession, . . . it must at least prove a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *Id.* (citation and internal quotation marks omitted). The Government may prove possession with circumstantial evidence and, in addition to actual possession of a dangerous weapon, constructive possession is also sufficient. *Manigan*, 592 F.3d at 629. "If the Government satisfies this burden, the defendant may avoid the enhancement by showing that the weapon's link to his or her drug activities was 'clearly improbable.'" *Bolton*, 858 F.3d at 912 (citation omitted); *see* USSG § 2D1.1 cmt. n.11(A).

2

Upon our review of the materials submitted in the joint appendix and the parties' briefs, we conclude that the district court did not err in imposing the two-level enhancement. The district court's findings are supported by the transcripts of Long's March 25 and 26, 2013, calls to coconspirators. To the extent Long seeks to raise new arguments on appeal regarding a corroboration requirement for his statements, he has not established exceptional circumstances warranting consideration of this claim. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("[A]bsent exceptional circumstances, we do not consider issues raised for the first time on appeal." (ellipsis and internal quotation marks omitted)).

Moreover, even if the district court erred in applying the firearm enhancement, any such error was harmless. *See Bolton*, 858 F.3d at 911 ("A procedural error is harmless if (1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." (internal quotation marks omitted)). The district court stated that it would have imposed the same term of imprisonment as a variant sentence if it had miscalculated Long's Guidelines range, satisfying the first prong of the harmlessness inquiry. Further, we conclude that the extent of the variance is reasonable as the district court adequately grounded the sentence in the 18 U.S.C. § 3553(a) (2012) factors. *See id.* at 911, 915 (holding substantive reasonableness of variant sentence is reviewed for abuse of discretion and reviewing court must consider overall sentence and extent of variance). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*